**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

WILBUR A. LUCAS, JR.,     *

    Claimant,     *

v.     CASE NO. 5:07-CV-135 (CAR)
    *     Social Security Appeal

MICHAEL J. ASTRUE,
Commissioner of Social Security,     *

    Respondent.     *

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and he seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

2

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I.    Whether the ALJ failed to properly evaluate the opinions of Claimant's treating physician?**

**II.   Whether the ALJ erred in failing to pose a complete hypothetical question to the vocational expert?**

### Administrative Proceedings

Claimant filed an application for a period of disability and disability insurance benefits on November 17, 2004. (T-14). Claimant's application was denied initially and on reconsideration. *Id.* Claimant then filed a request for a hearing, which was held on October

12, 2006. *Id.* Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated December 12, 2006. (T-14-20). Claimant then requested a review of the ALJ's findings by the Appeals Council. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-6-8).

## Statement of Facts and Evidence

Claimant alleged in his application that he is disabled due to a neck and back injury. (R-8, p. 2). After examining the medical records, the ALJ determined that Claimant had cervical disc disease and depression, impairments that are severe within the meaning of the Regulations but not severe enough to meet, or medically equal, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (T-16). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform a range of light work and that Claimant would be unable to return to his past relevant work. (T- 19). The ALJ found, however, that there were a significant number of jobs that Claimant could perform in the national economy, thus determining that Claimant was not disabled.

## DISCUSSION

**I. Whether the ALJ properly evaluated the opinions of Claimant's treating physician?**

Claimant first contends that the ALJ erred in discounting the opinion of Dr. Carlos Giron, M.D., one of Claimant's treating physicians. (R-8, p. 8). Specifically, Claimant argues that the ALJ committed reversible error when he failed to consider the "factors and the extent of and length of" Dr. Giron's relationship with Claimant in discounting the

4

physician's opinion regarding his residual functional capacity. *Id.* at 11. Claimant further argues that the ALJ improperly evaluated Dr. Giron's diagnosis of chronic pain syndrome, cervical radiculopathy, cervical post laminectomy syndrome and lumbar radiculopathy; improperly evaluated his pain and failed to consider all of the medical evidence in determining Claimant's residual functional capacity, but fails to support those contentions with any specificity. As such, the general issue for determination is whether the ALJ erred in discounting Dr. Giron's opinion as to his residual functional capacity.

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991). *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984).

To give a medical opinion controlling weight the ALJ "must find that the treating sources's opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." S.S.R. 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of record. *Id*.

5

The ALJ must weigh conflicting medical evidence and decide which opinions are entitled to the greatest weight. Social Security regulations confirm that the ALJ has discretion to weigh conflicting medical opinions. *See* 20 C.F.R. §§ 404.1527, 416.927. The law of this circuit is clear that the testimony of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error. "Good cause" is found to exist when the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (omitting internal citations).

It is found that the ALJ clearly articulated his reasons for giving less weight to the opinion of Dr. Giron and that his reasons constitute good cause. The ALJ based the decision on the evidence of record, including Claimant's treating sources, medical records in evidence, the assessments and evaluations of state agency consultants, as well as the claims of pain and limitations as subjectively alleged by the Claimant which, based on the medical evidence, the ALJ found only partially credible. (T-17-19). Upon review of the entire record, the Commissioner appears to have committed no error in applying the proper legal standard in discounting the opinion of Dr. Giron, and substantial evidence supports his decision. Dr. Giron's treatment notes do not reflect the severity he alleges in his residual functional capacity assessment, and the other medical evidence seems to contradict said findings. As such, no error is found in the ALJ's decision to discount the opinion of Dr. Giron.

**II. Did the ALJ err in failing to ask a complete hypothetical question to the vocational expert?**

In this case, the ALJ stated that the vocational expert found that Claimant could find relevant work in the national economy for light unskilled work. Claimant, however, contends that the ALJ erred by failing to find him disabled where the vocational expert testified that the limitations found in Dr. Giron's residual functional capacity assessment would preclude work. (R-8, p. 11).

It is the law of this circuit that hypothetical questions posed to a vocational expert must contain adequate assumptions or the answers given cannot constitute substantial evidence of ability to engage in substantial gainful activity. *Stubbs v. Mathews*, 544 F.2d 1251, 1256-57 (5th Cir. 1977). *See also Freeman v. Schweiker*, 681 F.2d 727, 730 (11th Cir. 1982); *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980). Taken further, hypothetical questions posed to vocational experts by ALJs must set out precisely the claimant's particular physical and mental impairments. *Taylor v. Sullivan*, 951 F.2d 878, 882 (8th Cir. 1991). *See also Kosman v. Shalala*, 1993 U.S. App. LEXIS 9108 (9th Cir.). In addition, a hypothetical need only contain a claimant's credible limitations. *See Pertuis v. Apfel*, 152 F.3d 1006, 1007 (8th Cir. 1998).

As it has been determined that Claimant's prior argument of error regarding the opinion of Dr. Giron was without merit, it follows that the ALJ did not err by failing to accept the vocational expert's testimony which included responses to functional limitations as found by Dr. Giron. As such, no error is found in the ALJ's ultimate determinations

7

regarding the testimony of the vocational expert.

## **CONCLUSION**

In reviewing the record, no evidence of error is found to substantiate the Claimant's contention that the ALJ improperly discounted the opinion of his treating physician. This Court further finds that the ALJ properly evaluated the testimony of the vocational expert and finds further that the decision of the ALJ is supported by substantial evidence. Furthermore, the record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 7th day of January, 2008.

                                                S/ G. MALLON FAIRCLOTH
                                                UNITED STATES MAGISTRATE JUDGE

eSw