IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILBUR A. LUCAS, JR., | : | |
| | : | |
| Claimant, | : | |
| vs. | : | 5:07-CV-135 (CAR) |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## *ORDER ON THE REPORT AND RECOMMENDATION*
## *OF THE UNITED STATES MAGISTRATE JUDGE*

Before the Court is a Report and Recommendation (Doc. 12) from United States Magistrate Judge G. Mallon Faircloth. The Magistrate Judge recommends the Court affirm the decision of the Commissioner of Social Security and the Administrative Law Judge ("ALJ"). Claimant has filed an Objection to the Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Claimant's Objection and has made a *de novo* determination of the portions of the Recommendation to which Claimant objects. For the reasons stated below, the Recommendation is accepted and the decision of the Commissioner of Social Security is affirmed.

Claimant raises two issues in his Objection: (1) the ALJ failed to state his reasons for discounting Dr. Giron's findings as to Claimant's residual functional capacity and (2) the ALJ failed to ask the vocational expert complete hypothetical questions, which took into consideration the Claimant's limitations found by the ALJ. Each issue will be addressed in turn. Furthermore, as the facts of the case are set out in detail in the Recommendation, the Court will

not repeat them here.

## ANALYSIS

*I. The ALJ clearly articulated his reasons for discounting treating physician Dr. Giron's opinion as to Claimant's residual functional capacity.*

As fully explained by the Magistrate Judge, although it is well settled that a treating physician's opinion is entitled to substantial weight, a treating physician's opinion may be discounted when the evidence before the ALJ supports a contrary conclusion. See Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985). Furthermore, an ALJ's failure to clearly articulate his or her reasons when discounting the opinion of the treating physician is reversible error. See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Keeton v. Dept. of HHS, 21 F.3d 1064 (11th Cir 1994).

In his Objection, Claimant takes issue with the Magistrate Judge's finding that "the ALJ clearly articulated his reasons for giving less weight to the opinion of Dr. Giron and that his reasons constitute good cause." (Recommendation 6.) Claimant argues that the ALJ failed to state his reasons for discounting Dr. Giron's findings as to Claimant's residual functional capacity. After throughly reviewing the ALJ's decision, the Court does not agree. The ALJ specifically states that

> [b]ased upon Dr. Giron's treatment notes, as well as the remaining objective medical record, the undersigned can give little weight to Dr. Giron's findings on a September 18, 2006 Physical RFC Questionnaire at Exhibit 16F. While prognosis is reported as fair, extreme limitations are noted in the claimant's ability to sit, stand, walk, lift, concentrate, and deal with stress. None of the limitations noted on the questionnaire are mentioned in the most recent examinations from Dr. Giron in late 2004 and in 2005. In fact both the claimant and Dr. Giron feel he is doing well, with examinations noting only tenderness and limitations in the cervical region.

(R. at 18.) Thus, contrary to Claimant's assertion, the ALJ specifically stated his reasons for

discounting Dr. Giron's findings as to Claimant's residual functional capacity.

*II. The ALJ's hypothetical question posed to the vocational expert precisely set out the Claimant's particular credible physical and mental limitations.*

Again, as fully explained by the Magistrate Judge, a vocational expert's testimony in response to hypothetical questions cannot establish a claimant's ability to engage in work unless the question takes into account the relevant claimant's particular limitations. See Freeman v. Schweiker, 681 F.2d 727, 730 (11th Cir. 1982). Claimant argues in his Objection, that the ALJ failed to ask the vocational expert complete hypothetical questions, which took into consideration the Claimant's limitations found by the ALJ.

Upon reviewing the ALJ's questioning and the vocational expert's testimony in response, the Court finds that the ALJ's hypothetical question precisely set out the Claimant's particular limitations. According to his written opinion, the ALJ found Claimant had the following credible limitations:

> The claimant has the RFC for light work. Physically, the claimant is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently, sit, stand, and or walk 6 hours in an eight-hour workday. He cannot climb ladders, ropes or scaffolds and must avoid [hazardous] work requiring overhead reaching with either arm or constant use of the hands for repetitive tasks such as keyboarding. He has no other postural or environmental limitations. Mentally, the claimant is capable of simple, repetitive tasks that involve only incidental contact with the public.

(R. at 17.) Further, during the examination of the vocational expert in this case, the ALJ asked the following hypothetical question:

> Please consider a hypothetical person who has the Claimant's young age and high school education and this person is capable of light work that allows lifting up to 20 pounds occasionally, 10 pounds frequently. This person must avoid hazards such as heights and open machinery. This person should avoid overhead reaching with either arm. Most of the work for this person should be at ususal table top level, something around 36 inches or higher because there's also a limitation to occasional bending and stooping. . . . This person should further be restricted to

simple, repetitive tasks and incidental contact with the public. I'll define incidental as brief conversation, not involving technical or detailed information and the hypothetical worker would not be analyzing a person's problem or situation or anything like that, no constant use of the hands for such repetitive tasks as keyboarding. Would there be, in your opinion, work in the national and regional economy for a person having those characteristics?

(R. at 468.) In response, the vocational expert replied in the affirmative. Based on the statements quoted above, the ALJ's hypothetical question tracks almost exactly the Claimant's limitations as found by the ALJ. Thus, the ALJ's hypothetical question clearly accounted for Claimant's particular limitations.

## CONCLUSION

After considering the matter, this Court agrees with the findings and conclusions of the United States Magistrate Judge. The Recommendation is therefore **ADOPTED** and **MADE THE ORDER OF THE COURT**; the final decision of the Commissioner is hereby **AFFIRMED**.

**SO ORDERED**, this 21st day of March, 2008.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SCS/ssh